IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CRUMPTON, | § | |
| (a/k/a CHRIS CRUMPTON) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-0065 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Christopher Crumpton (TDCJ #1693457), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ). Crumpton has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary conviction. He has also filed a memorandum in support of the petition. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed. The reasons are explained below.

**I.    Background**

Crumpton is presently serving a 15-year prison sentence that he received as the result of a conviction for aggravated robbery in Tarrant County Cause Number 1189773D. Crumpton does not challenge that conviction here. Instead, he challenges the result of a

prison disciplinary proceeding that was lodged against him at the Huntsville Unit, where he is currently incarcerated.

Crumpton explains that he was charged with possession of tobacco in TDCJ disciplinary case #20170284421. After a disciplinary hearing on May 26, 2017, Crumpton was found guilty as charged. As punishment, Crumpton was reduced in classification status from S2 to Line 1 and forfeited 30 days of previously earned good-time credit. He also spent 15 days in solitary confinement and 45 days on cell restriction without commissary and recreation privileges. Crumpton filed a step 1 and step 2 grievance to challenge the conviction, but his appeal was unsuccessful.

Crumpton now seeks federal habeas corpus relief from his disciplinary conviction. In his pending petition, Crumpton argues that there was insufficient evidence to support a guilty finding and that he is actually innocent of the disciplinary offense. (Docket Entry No. 1, at 6). For reasons set forth below, the Court finds that Crumpton fails to state an actionable claim under the legal standard that governs disciplinary proceedings in the prison context.

## II. Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See*

*Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a constitutional violation in the prison disciplinary context only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Crumpton cannot demonstrate a constitutional violation in this instance. Although Crumpton lost good-time credit as a result of the challenged disciplinary conviction, he is not eligible for mandatory supervision because of his holding conviction for aggravated robbery. *See* Tex. Gov't Code § 508.149(a)(12) (excluding prisoners convicted of aggravated robbery from eligibility for mandatory supervision). This is fatal to Crumpton's claims. *See Malchi*, 211 F.3d at 957–58.

Although the disciplinary conviction at issue also resulted in temporary solitary confinement, cell restriction, a loss of privileges, and a reduction in classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed on commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.* Likewise, reductions in a prisoner's custodial classification

and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Under these circumstances, Crumpton cannot demonstrate a violation of the Due Process Clause and his pending federal habeas corpus petition must be dismissed.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or

wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on _____FEB 2 1 2018_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE